UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jeffrey Wozniak and
Nicole Wozniak,
        Plaintiffs,

v.                                                          Case No. 25-cv-

                                                            Hon.

Samsung Electronics Co., Ltd., and
Samsung Electronics America, Inc.
        Defendant,
_____/

Alyson Oliver (P55020)
Oliver Bell Group
Attorney for Plaintiffs
50 W. Big Beaver Rd, Suite 200
Troy, MI 48084
(248) 327-6566
notifications@oliverlawgroup.com
_____/

There is no other pending or resolved civil action arising out of the occurrence alleged in the complaint.

**COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiffs Jeffrey and Nicole Wozniak, by and through their counsel OLIVER BELL GROUP, and in support of her Complaint against Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. (collectively, "Defendants" or "Samsung"), stating as follows:

1

## INTRODUCTION

Plaintiff's home caught on fire on January 17, 2022. The fire was started by Plaintiff's defective Samsung stove, model number NE58K9500SG. Samsung recalled millions of stoves on August 8, 2024, including the one that started Plaintiff's house fire, because the front mounted knobs on the ranges can be activated by accidental contact by humans or pets.

## PARTIES

1. Plaintiffs are residents of City of Trenton, Wayne County, Michigan.
2. Defendants were, at all relevant times engaged in the business of designing, manufacturing, testing and selling their line of gas and electric stoves ("Ranges") with front mounted burner control knobs that are prone to rotating and activating the range with minimal contact, thereby creating a serious fire hazard.
3. On information and belief, Defendant Samsung Electronics Co., Ltd. ("SEC") is a corporation organized under the laws of Republic of Korea, with its principal place of business at 129, Samsung-Ro, YeongTong-Gu, Suwon-Si, Gyonggi-Do, 443-742, Republic of Korea.
4. On information and belief, Defendant Samsung Electronics America, Inc. ("SEA") is a United States corporation organized under the laws of the State

of New York, with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660.

5. SEA is a wholly owned subsidiary of SEC. SEA distributes certain Samsung consumer electronics products, including the Samsung Slide-In Electric Range NE58, in the United States. SEA warranties products designed, manufactured, and distributed by SECL, and it acts as SECL's agent in the processing of warranty claims related to defects in manufacturing or materials used by SECL during the manufacturing process.

6. SEC regularly monitors its wholly owned subsidiaries' financial risk arising from operating activities and regularly dispatches financial risk managers to its regional headquarters in the United States including SEA.

7. Defendants at all relevant times did business within Wayne County, Michigan.

8. Jurisdiction is proper pursuant to 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred within this jurisdiction.

10. The Eastern District of Michigan has personal jurisdiction over Defendants because they were authorized to do business in Michigan and have sufficient

minimum contacts within the jurisdiction, or otherwise intentionally avail themselves of this judicial district's market so as to render the exercise of jurisdiction over it by this Court consistent with traditional notions of fair play and substantial justice.

11. Furthermore, Defendant's minimum contacts within this judicial district are sufficiently related to Plaintiff's injury in this matter to render personal jurisdiction in this judicial district proper.

12. Upon information and belief, the Samsung Defendants were the manufacturers, designers, marketers, labelers and testers of the Samsung Slide-In Electric Range NE58, an electric stove (hereinafter referred to as the "stove").

## FACTUAL ALLEGATIONS

13. Plaintiffs purchased their home, a property in Trenton, Michigan in October of 2021 and began renovating it the following month.

14. On January 17, 2022, at 1:03 p.m. while Plaintiffs were away from home, a call was received from their neighbor with news that their house was on fire.

15. When the Plaintiff Nicole Wozniak arrived at the scene, she found her home in flames, one of her cats deceased and two other pets being given oxygen.

16. In addition to this Plaintiffs lost most of their personal property in the fire.

17. Damages to the house were extensive and the interior of the entire property had to be gutted and redone.

18. Plaintiff's two surviving pets have also developed kidney failure for which they are set to undergo surgery despite being completely healthy prior to the fire.

19. Plaintiffs suffered immense emotional trauma from the events described herein; but luckily were not physically injured in the fire.

### **Defendant's Product Recall**

20. On August 8, 2024, the United States Consumer Product Safety Commission announced that Samsung was recalling over a million Slide-in Electric Ranges stating that the "Front-mounted knobs on the ranges can be activated by accidental contact by humans or pets, posing a fire hazard."

21. Upon information and belief this defect is the result of low detent (a catch that prevents motion until released) force and tiny distance the burner control knobs need to travel to be turned to the "on" position, which is inadequate to prevent unintentional actuation.

22. The range user manual states that the product user must push and turn the control knob to actuate the Range, while in actuality the stove proves far easier to activate.

23. Defendants were aware that the product posed a fire hazard prior to the fire suffered by Plaintiffs, but continued to represent that this product was safe for common use.

24. Consumers began submitting incident reports to the U.S. Consumer Product Safety Commission regarding the defects with the stove as described herein as early as 2014, and continuing through the recall.

25. All of these complaints were sent to Defendants.

### Count I – Negligent Manufacture

26. Plaintiff incorporates by reference paragraphs 1 through 25.

27. At all times herein mentioned Defendant was manufacturer, tester, promotor, seller and distributor of the range as described above when used by Plaintiff.

28. The range when used by Plaintiff was received by her in the same form as it was when it left Defendant's control.

29. There is nothing to indicate the stove had been modified in any way between the period of purchase and installation, and when Plaintiff moved into the home.

30. At all times, Plaintiff used the range consistent with the instructions in the owner's manual and did not alter or misuse it.

31. Defendant breached its duties by committing or omitting the following:

    a. Failing to properly manufacture its line of range products so that they did not pose fire hazards, and

    b. Failing to properly test its line of range products for defects or features that might cause fire hazards.

32. The product was not reasonably safe when it left the control of Defendant.

33. As early as 2014, and through August 8, 2024, Defendant was aware of the unreasonable risk all their ranges presented due to the easy activation of the front mounted knobs and issued a recall notice.

34. When the product left the control of Defendant, a technically feasible alternative design, higher detent force to prevent unintentional activation was available and would have prevented the harm without significantly impairing the usefulness or desirability of the product to users and without creating equal or greater risk of harm to others.

35. These breaches of duty proximately caused the following damages to Plaintiff, including damage to her house and extensive loss of her personal property.

36. As a direct and proximate result of the negligence of Defendant Manufacturer, Plaintiff suffered economic loss and suffered related anxiety and stress.

## Count II – Breach of Implied and Express Warranties

37. Plaintiffs incorporate by reference paragraphs 1 through 36.

38. Defendant put the range and products like it in the stream of commerce with the intent and knowledge that it would reach consumers such as Plaintiff.

39. Defendant marketed its product as safe for consumers to use within their homes.

40. Defendant's product was not safe for the average consumer and posed an unreasonable fire hazard risk when used in its intended manner.

41. Plaintiff relied on Defendant's express and implied warranties of safety when utilizing the range.

42. Plaintiff used the range in the manner intended by Defendant and was injured as a result.

43. As a proximate result of the breach of express and implied warranty by Defendant Manufacturer, Plaintiffs were injured as listed above.

## Count III – Negligent Manufacture - Failure to Warn

44. Plaintiffs incorporate by reference paragraphs 1 through 43.

45. At all times that Plaintiffs used the range, Defendant was aware of the defects with its products.

46. Defendant's product was marketed for sale to common consumers around the nation, such as Plaintiffs.

47. Defendant failed to provide any warnings of the product defects or fire hazard risk associated with its product.

48. Instead, Defendant advertised its product as safe and effective.

49. Defendant refused to recall the product even after reports of the fire hazard risk became known to it.

50. Defendant's product was not safe.

51. As a result of Defendant's failure to warn Plaintiffs of the defects with its product Plaintiff allowed the product to remain in her home where it started a fire that caused Plaintiff extensive economic and non-economic losses.

## **Damages**

WHEREFORE, Plaintiff demands judgment against Defendant together with interest, cost of suit, attorneys' fees, and all such other relief as the Court deems just and proper as well as:

1. Compensatory Damages to Plaintiff for past, present and future damages, including but not limited to, all lost personal and real property, pain and suffering associated with the loss of property, health and medical care

costs, economic loss, together with all interest and other costs as provided by law;

2. Restitution and disgorgement of profits;

3. Reasonable attorney fees;

4. The costs of these proceedings;

5. Such other and further relief as this Court deems just and proper.

## Jury Demand

Plaintiff seeks a jury trial in this matter.

Respectfully Submitted;

Date: January 16, 2025

*/s/ Alyson Oliver*
Oliver Bell Group
50 W. Big Beaver Road, Suite 200
Troy, MI 48084
Phone: (248) 327-6556
Fax: (248) 436-3885
notifications@oliverlawgroup.com